UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CODY WHITE** | **CIVIL ACTION NO. 3:17-CV-001051** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **AARON ROSS, ET AL** | **MAGISTRATE JUDGE HAYES** |

<u>**REPORT AND RECOMMENDATION**</u>

The plaintiff, Cody White, filed this *pro se* and *in forma pauperis* complaint on August 18, 2017, pursuant to 42 U.S.C. §1983, while an inmate at the Franklin Parish Detention Center (FPDC). His complaint alleges constitutional violations against defendants Aaron Ross, Chad Lee, Sheriff Bobby and Nicole Fontenno. He seeks compensatory damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Statement of the Case*

On July 11, 2017, plaintiff was put in holding cell 304 at the FPDC. He complains that it is "so nasty it smells of urine, mold and mildew." He has complained to Sgt. Aaron Ross, to no avail. He alleges that Warden Chad Lee won't allow the inmates to clean or go to commissary.

Plaintiff also complains that his sentence is a form of cruel and unusual punishment. He was sentenced to fifteen years, nine of that suspended, on unknown charges. He served six years and was given three years probation, which he then violated. He asserts that the DOC has him serving fifteen years, as opposed to the nine that was suspended, because Nicole Fontenno will not send the

Court papers to the DOC.

Finally, plaintiff complains that St. Landry Parish Sheriff Bobby transferred him to Claiborne Parish, away from St. Landry Parish, to keep him from "doing anything" on his case.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Conditions of Confinement*

Plaintiff has alleged a constitutional violation resulting from the conditions at FPDC. The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with `the evolving standards of decency that mark the progress

2

of a maturing society' . . . or which `involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble,* 429 U.S. 97, 102-103 (1976) (citations omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).

A state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit,* 641 F.2d at 346. Furthermore, the official must have acted with deliberate indifference to a known risk of harm to be liable under § 1983. An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994); *Jones v. Greninger,* 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson,* 245 F.3d at 459. The plaintiff must prove facts sufficient to show "at a minimum, that the prison officials realized there was imminent danger and have refused—consciously refused, knowingly refused—to do anything about it." *Campbell v. Greer,* 831 F.2d 700, 702 (7th Cir. 1987). Applying these factors to the instant case, White has not alleged a constitutional violation based on the conditions at FPDC.

"The conditions described by plaintiff, while plainly not comfortable or pleasant, do not rise to a level of seriousness to be considered a constitutional violation." *Green v. Gusman*, No. 15-1738, 2016 WL 3033541, at*4 (E.D. La. May 6, 2016). The federal courts have long recognized

that serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." *Id*. (citing *Holloway v. Gunnell,* 685 F.2d 150, 156 (5th Cir. 1982)). The Courts also have repeatedly held "that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions." *Id. (citing Talib,* 138 F.3d at 215 (citing *Rhodes,* 452 U.S. at 349); *accord Hernandez v. Velasquez,* 522 F.3d 556, 560 (5th Cir. 2008)).

In keeping with this philosophy, the federal courts have recognized that certain institutional problems such as dust, mold, and stale air do not amount to a constitutional violation. *See, e.g., Green v. Gusman,* No. 15-1738, 2016 WL 3033541, at*4 (E.D. La. May 6, 2016), *White v. Gusman,* No. 14-2131, 2014 WL 6065617, at *1 (E.D. La. Nov. 12, 2014); *Harrison v. Cox,* No. 12-1813, 2013 WL 620799, at *5 (W.D. La. Jan.16, 2013), *adopted,* 2013 WL 622399, at *1 (W.D. La. Feb. 15, 2013); *Clark v. Gusman,* No. 11-2673, 2012 WL 1825306, at *5 (E.D. La. Mar. 29, 2012), *adopted,* 2012 WL 1825302, at *1 (E.D. La. May 18, 2012). To the extent White asserts that these factors were present at FPDC, he has not stated a constitutional violation.

Furthermore, the jurisprudence has repeatedly held that the presence of mold and dampness in a prison setting does not render an inmate's confinement unconstitutional. *Green, supra* (citing *Eaton v. Magee,* No. 10-112, 2012 WL 2459398, at *5 (S.D. Miss. Jun. 27, 2012) ("Plaintiff's claim that the bathroom and shower area are unsanitary and contain black mold fails to rise to the level of a constitutional violation."); *Barnett v. Shaw,* No. 11-0399, 2011 WL 2200610, at *2 (N.D. Tex. May 18, 2011) (allegation of "excessive amount of black mold in the showers and sinks" was insufficient to raise a claim for constitutional violation), *adopted,* 2011 WL 2214383, at *1 (N.D. Tex. Jun. 7, 2011); *Reynolds v. Newcomer,* No. 09-1077, 2010 WL 234896, at *10 (W.D. La. Jan. 19, 2010) (complaints of "the presence of black mold in living areas, eating areas, and shower areas"

were found to "rise to no more than a *de minimis* level of imposition with which the Constitution is not concerned" (quotation marks omitted))). Thus, White's allegations about mold fail to establish constitutional violations.

Moreover, White's complaints that the cell smells like urine fails to establish a constitutional violation. *See Smith v. Copeland,* 87 F.3d 265, 269 (8th Cir. 1996) (no constitutional violation when prisoner was exposed for four days to raw sewage from overflowed toilet in his cell); *Davis v. St. Charles Parish Corr. Ctr.,* No. 10-98, 2010 WL 890980, at *9 (E.D. La. Mar. 8, 2010) (citing *Talib,* 138 F.3d at 215). "Simply because [plaintiff's] dorm is less sanitary than he would like does not render the conditions unconstitutional." *Wilson v. Lynaugh,* 878 F.2d 846, 849 & n.5 (5th Cir. 1989)) (inmate who complained of "unsanitary practice[s]," including inadequate ventilation, unsanitary water fountains, 52 inmates using one ice cooler, rest room four feet from the dining area, toilets leaking water and unsanitized living quarters, failed to state a claim.).

### 3. *Excessive Sentence*

Plaintiff is also seeking monetary damages for an allegedly unconstitutional sentence. The United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). *Heck* involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been

invalidated.

When a claim comes within the parameters of the *Heck* teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove that his sentence has been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his sentence has been invalidated.

### *4. Transfer*

Finally, plaintiff complains that his transfer from St. Landry Parish to FPDC violated his constitutional rights. Plaintiff is an inmate in the custody of the LDOC. Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department..." La. R.S.15:824(A).

Plaintiff is an LDOC inmate and therefore his placement is solely within the purview of the LDOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*,

418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974). Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La., April 24, 2000).

*Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted. Plaintiff's claims related to his sentence should be dismissed with prejudice to their being asserted again until the *Heck* conditions are met. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in *Heck* cases decrees, 'Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.'").

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

**legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).** Thanks

In Chambers, Monroe, Louisiana, January 4, 2018.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**